**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4192**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

GERALD LAMONTE STEELE,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:16-cr-00338-NCT-1)

Submitted: September 21, 2017          Decided: October 3, 2017

Before SHEDD, DUNCAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant. Sandra J. Hairston, Acting United States Attorney, Terry M. Meinecke, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerald Lamonte Steele pleaded guilty to maintaining a premises for distributing heroin, in violation of 21 U.S.C. § 856 (2012). The district court sentenced Steele above the advisory Guidelines range to 41 months of imprisonment and he now appeals. Finding no error, we affirm.

On appeal, Steele challenges the substantive reasonableness of the sentence. We review a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007); *see also United States v. White*, 810 F.3d 212, 229 (4th Cir.), *cert. denied*, 136 S. Ct. 1833 (2016). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. We then review the substantive reasonableness of the sentence. *United States v. Evans*, 526 F.3d 155, 161 (4th Cir 2008). If a district court imposes a sentence outside of the advisory Guidelines range, we do not impose a presumption of reasonableness, but give due deference to the district court's decision that the § 3553(a) factors justified the extent of the variance. *United States v. Pauley*, 511 F.3d 468, 473-74 (4th Cir. 2007).

We have thoroughly reviewed the record and conclude that the sentence substantively reasonable. The district court properly calculated the advisory Guidelines range, responded to the parties' sentencing arguments, and thoroughly explained the

2

chosen sentence.  In addition, based on the factors identified by the district court, the sentence is also substantively reasonable.

We therefore affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*